Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISSLAW LLP**
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile:  310/209-2348

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BUSHANSKY, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PRESIDIO, INC., ROBERT CAGNAZZI, HEATHER BERGER, CHRISTOPHER L. EDSON, SALIM HIRJI, STEVEN LERNER, MATTHEW H. NORD, PANKAJ PATEL, MICHAEL REISS, and TODD H. SIEGEL, <br><br> Defendants. | Case No. <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> JURY TRIAL DEMANDED |

Plaintiff Stephen Bushansky ("Plaintiff"), on behalf of himself and all others similarly situated, upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Class Action Complaint:

- 1 -

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## NATURE OF THE ACTION

This is a stockholder class action brought by Plaintiff on behalf of himself and all other public stockholders of Presidio, Inc. ("Presidio" or the "Company") against Presidio and the members of Presidio's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which Presidio will be acquired by BC Partners Advisors L.P. ("BC Partners") through BCEC — Port Holdings (Delaware), LP ("Parent") and Port Merger Sub, Inc.  ("Merger Sub") (the "Proposed Transaction").

2.     On August 14, 2019, Presidio issued a press release announcing that it had entered into an Agreement and Plan of Merger (as amended on September 25, 2019, the "Merger Agreement") to sell Presidio to BC Partners.  Under the terms of the Merger Agreement, each Presidio stockholder will receive $16.60 in cash for each share of Presidio common stock they own (the "Merger Consideration").

3.     On October 7, 2019, Presidio filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that Presidio stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) the background process leading to the Proposed Transaction; (ii) Company insiders' potential conflicts of interest; and (iii) the Company's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Presidio's financial advisor, LionTree Advisors LLC ("LionTree").  Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

4.      In short, unless remedied, Presidio's public stockholders will be irreparably harmed because the Proxy Statement's material misrepresentations and omissions prevent them from making a sufficiently informed voting or appraisal decision on the Proposed Transaction.  Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §1331 (federal question jurisdiction).

6.      The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (i) the Company's West Coast Area Headquarters are located in this District; (ii) one or more of the defendants either resides in or maintains executive offices in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

8.      Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Presidio.

9.      Defendant Presidio is a Delaware corporation, with its principal executive offices located at One Penn Plaza, Suite 2832, New York, New York 10119 and its West Coast Area Headquarters located at 5000 Hopyard Road, Suite 188, Pleasanton, California 94588.  The Company

- 3 -

is a leading North American information technology ("IT") solutions provider delivering Digital Infrastructure, Cloud and Security solutions to create agile, secure infrastructure platforms for commercial and public sector customers.  Presidio's common stock trades on the NASDAQ Global Select Market under the ticker symbol "PSDO."

10.     Defendant Robert Cagnazzi ("Cagnazzi") has been Chief Executive Officer ("CEO") of the Company since 2012, Chairman of the Board since 2017, and a director of the Company since 2015.

11.     Defendant Heather Berger ("Berger") has been a director of the Company since 2017. Defendant Berger is also a Partner of Apollo Global Management, LLC (together with its subsidiaries, "Apollo"), the Company's largest stockholder which owns approximately 42% of Presidio's outstanding shares.

12.     Defendant Christopher L. Edson ("Edson") has been a director of the Company since 2015 and of the predecessor to the Company since 2014.

13.     Defendant Salim Hirji ("Hirji") has been a director of the Company since 2017. Defendant Hirji is also a Principal of Apollo.

14.     Defendant Steven Lerner ("Lerner") has been a director of the Company since 2017.

15.     Defendant Matthew H. Nord ("Nord") has been a director of the Company since 2015 and of the predecessor to the Company since 2014.  Defendant Nord is also a Senior Partner of Apollo.

16.     Defendant Pankaj Patel ("Patel") has been a director of the Company since 2016.

17.     Defendant Michael Reiss ("Reiss") has been a director of the Company since 2017. Defendant Reiss is also a Partner of Apollo.

18.     Defendant Todd H. Siegel ("Siegel") has been a director of the Company since 2015.

19.     Defendants identified in paragraphs 10-18 are referred to herein as the "Board" or the "Individual Defendants."

- 4 -

## OTHER RELEVANT ENTITIES

20.     BC Partners, headquartered in London, England, is a leading international investment firm with over €22 billion of assets under management in private equity, private credit and real estate.

21.     Parent is a Delaware limited partnership and an affiliate of investment funds advised by BC Partners.  Parent's principal executive offices are located at 650 Madison Avenue, New York, New York 10022.

22.     Merger Sub is a Delaware corporation and an indirect wholly owned subsidiary of Parent.  Merger Sub's principal executive offices are located at 650 Madison Avenue, New York, New York 10022.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons and entities that own Presidio common stock (the "Class"). Excluded from the Class are defendants and their affiliates, immediate families, legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

24.     Plaintiff's claims are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

25.     The Class is so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through discovery, Plaintiff believes that there are thousands of members in the Class.  As of September 27, 2019, there were approximately 83,337,147 shares of Company common stock outstanding.  All members of the Class may be identified from records maintained by Presidio or its transfer agent and may be notified of the pendency of this action by mail, using forms of notice similar to those customarily used in securities class actions.

26.     Questions of law and fact are common to the Class and predominate over questions affecting any individual Class member, including, *inter alia*:

a)     Whether defendants have violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder;

b)     Whether the Individual Defendants have violated Section 20(a) of the Exchange Act; and

c)     Whether Plaintiff and the other members of the Class would suffer irreparable injury were the Proposed Transaction consummated.

27.     Plaintiff will fairly and adequately protect the interests of the Class, and has no interests contrary to or in conflict with those of the Class that Plaintiff seeks to represent.  Plaintiff has retained competent counsel experienced in litigation of this nature.

28.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

29.     Defendants have acted on grounds generally applicable to the Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

30.     Presidio, formerly known as Aegis Holdings, Inc. provides IT solutions to the middle market in North America, with a specific focus on Digital Infrastructure, Cloud and Security Solutions.  The Company offers digital infrastructure solutions that enable clients to deploy IT infrastructure, as well as focuses on networking, collaboration, enterprise mobility, Internet of Things, and data analytics.  It also provides cloud infrastructure solutions through converged infrastructure,

server, storage, support, and capacity-on-demand economic models, as well as cloud-managed services.  In addition, Presidio is involved in assessing, designing, implementing, managing, and maintaining information security solutions that protect customers' critical business data; and provision of risk assessments, detailed reporting, ongoing reviews, process and program development, and training services. Presidio also offers cyber risk management, infrastructure security, and managed security solutions; and professional, managed, and support services, including strategy, consulting, design, and implementation.  As of June 30, 2019, the Company served approximately 7,900 middle-market, large, and government organizations across a diverse range of industries, including healthcare, government, financial services, education, and professional services.

31.     On May 8, 2019, Presidio announced its third quarter fiscal 2019 financial results, including revenue of $750.2 million, a 7.9% increase over the third quarter of 2018, with product revenue up 8.7% and service revenue up 4.8%.  Pro Forma Adjusted Net Income was $29.0 million, an increase of 8.2% over the prior year and Pro Forma Adjusted Diluted EPS was $0.34, an increase of 21.4% over the prior year.  Defendant Cagnazzi commented on the positive results, stating:

> We are extremely pleased with our third quarter results, where we delivered revenue growth of 7.9%.  The growth in revenue was broad-based across all three of our solution areas reflecting our clients' increasing demand for Presidio's assistance to digitally transform their businesses.  In addition, our strong cash flow allowed us to prepay an additional $25.0 million of our outstanding term loans, bringing year-to-date voluntary prepayments to $75.0 million.  We continue to evaluate all accretive uses for the capital we generate, including investing in new business offerings organically and continuing our strategic program of M&A inorganically . . . .  We believe these results highlight the effectiveness of our multi-cloud, multi-vendor strategy, which drives deep relationships with our clients.  We have successfully leveraged these relationships into our new offerings including: public cloud, managed security services and software-defined networking projects.  Based on our strong performance in the third quarter, we have raised our revenue outlook for Fiscal 2019, as we now expect total revenue growth of 6% to 8% for the full year.  Furthermore, we are pleased to announce our Board of Directors has declared a quarterly cash dividend of $0.04 per share to be paid in July 2019.  We believe our 9.3% total revenue growth for the year-to-date period demonstrates the execution of our strategic growth initiatives as we continue to capitalize on our favorable free cash flow profile to drive shareholder value creation . . . .

**The Proposed Transaction**

32.     On August 14, 2019, Presidio issued a press release announcing the Proposed Transaction.  The press release states, in relevant part:

NEW YORK, Aug. 14, 2019 (GLOBE NEWSWIRE) -- Presidio, Inc. (NASDAQ:PSDO) (together with its subsidiaries, "Presidio" or the "Company"), a leading North American IT solutions provider delivering Digital Infrastructure, Cloud and Security solutions to create agile, secure infrastructure platforms for commercial and public sector customers, today announced it has entered into a definitive agreement to be acquired by funds advised by BC Partners, a leading international investment firm, in an all-cash transaction valued at approximately $2.1 billion, including Presidio's net debt.

Under the terms of the agreement, Presidio stockholders will receive $16.00 in cash for each share of Presidio common stock they own. The purchase price represents a premium of 21.3% over Presidio's closing stock price of $13.19 on August 13, 2019, and a premium of 18.3% over the Company's 60-day volume-weighted average share price leading up to this announcement. The Presidio Board of Directors unanimously approved the agreement with BC Partners and recommends that Presidio stockholders vote in favor of the transaction.

"We believe this transaction will provide immediate and substantial value to Presidio stockholders, while providing us with a partner that can add strategic and operational expertise to our business, with a focus on executing our long-term strategy," commented Bob Cagnazzi, Chief Executive Officer of Presidio.

"Over the last several years, Presidio has become the leader in designing, developing, deploying and managing agile secure IT infrastructures that drive real business value for thousands of commercial and public sector entities across the United States," said Fahim Ahmed, lead deal Partner of BC Partners. "We look forward to supporting the Company in its next phase of growth."

"Presidio fits squarely with our key investment priorities. Its markets benefit from secular growth, as IT systems and networks have become increasingly complex. It is well positioned as a leader in a fragmented industry, offering scope for further expansion. We're excited to partner with Bob and his team to support the future growth of the business," said Raymond Svider, Partner and Chairman of BC Partners.

**TRANSACTION DETAILS**

Closing of the transaction is subject to customary conditions, including approval by the holders of a majority of the outstanding shares of Presidio common stock, expiration or early termination of the applicable waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and other required regulatory approvals, including approval from CFIUS.  AP VIII Aegis Holdings, L.P., an affiliate of

- 8 -

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

investment funds managed by affiliates of Apollo Global Management, LLC, which owns approximately 42% of the outstanding shares of Presidio common stock, has entered into a voting agreement with BC Partners, pursuant to which it has agreed, among other things, to vote its shares of Presidio common stock in favor of the merger, and against any competing transaction, so long as, among other things, the Presidio board continues to recommend that Presidio stockholders vote in favor of the merger.

Presidio expects to continue to pay its regular quarterly dividend of $0.04 per share, during the pendency of the transaction.

The parties expect the transaction to close in the fourth quarter of 2019. Upon completion of the transaction, Presidio will become a privately held company, and its common stock will no longer be listed on the NASDAQ stock market.

Under the terms of the definitive merger agreement, Presidio's Board and advisors may actively initiate, solicit and consider alternative acquisition proposals during a 40-day "go shop" period starting from the date of the definitive agreement. Presidio will have the right to terminate the merger agreement to accept a superior proposal subject to the terms and conditions of the merger agreement.  There can be no assurances that this process will result in a superior proposal, and Presidio does not intend to disclose developments with respect to this solicitation process unless and until Presidio's Board makes a determination requiring further disclosure.

Fully committed debt financing for the transaction will be provided by Citi, JPMorgan Chase Bank, N.A. and RBC Capital Markets.

LionTree Advisors is acting as financial advisor to Presidio, and Wachtell, Lipton, Rosen & Katz is acting as its legal counsel.  Citi, J.P. Morgan Securities LLC and RBC Capital Markets are acting as financial advisors and Kirkland & Ellis LLP is acting as legal counsel to BC Partners.

33.    On September 26, 2019, Presidio issued a press release announcing an increase to the Merger Consideration as a result of the go-shop process.  The press release states, in relevant part:

NEW YORK, Sept. 26, 2019 -- As previously announced, on August 14, 2019, Presidio (NASDAQ: PSDO) entered into an Agreement and Plan of Merger (the "Merger Agreement") to be acquired by funds advised by BC Partners in an all-cash transaction valued at approximately $2.1 billion, including Presidio's net debt.

Under the terms of the Merger Agreement, the Presidio Board of Directors (the "Presidio Board") and advisors were permitted to actively initiate, solicit and consider alternative acquisitions proposals from third parties during the "go shop" period which ended at 11:59 p.m. New York time on September 23, 2019.

Presidio today announced that in response to an alternative acquisition proposal received during the go-shop period, the Company and BC Partners agreed to an

amendment to the Merger Agreement to increase the per-share consideration payable to Presidio's stockholders to $16.60 per share from $16.00 per share, a 3.75% increase.

The Presidio Board continues to recommend that Presidio stockholders vote in favor of the transaction with BC Partners and the amended merger agreement.

LionTree Advisors is acting as financial advisor to Presidio, and Wachtell, Lipton, Rosen & Katz is acting as its legal counsel.

**Insiders' Interests in the Proposed Transaction**

34.    Presidio insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Presidio.

35.    Notably, while Presidio's stockholders are being cashed out and will lose the opportunity to benefit from Presidio's current and future prospects, certain executives have agreed to roll over portions of their equity positions in the Company.  Pursuant to a rollover agreement, defendant Cagnazzi agreed to contribute a total of 363,656 shares of Presidio common stock in exchange for a number of Class A-2 limited partnership units with an aggregate value of $6,036,690. In addition, in connection with the Proposed Transaction, Parent entered into a cash investment subscription agreement with defendant Cagnazzi, pursuant to which defendant Cagnazzi agreed to purchase a number of Class A-2 limited partnership units in Parent having an aggregate value equal to two-thirds of the aggregate cash consideration he will receive in the Proposed Transaction in respect of his Company options, valued at approximately $3,621,630.

36.    Moreover, Parent agreed to establish a management incentive equity plan, pursuant to which it will grant profits interests representing the right to share in the appreciation in value of Parent to select members of the Company's management team, as well as a cash long-term incentive award program pursuant to which key employees will receive cash-based long-term incentive awards that vest subject to continued employment through specified vesting dates.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

**The Proxy Statement Contains Material Misstatements and Omissions**

37.     The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Presidio's stockholders.  The Proxy Statement misrepresents or omits material information that is necessary for the Company's stockholders to make an informed voting or appraisal decision in connection with the Proposed Transaction.

38.     Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the background process leading to the Proposed Transaction; (ii) Company insiders' potential conflicts of interest; and (iii) the Company's financial projections and the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by Presidio's financial advisor, LionTree.

***Material Omissions Concerning the Background of the Proposed Transaction***

39.     The Proxy Statement omits material information relating to the process leading to the Proposed Transaction.

40.     According to the Proxy Statement, "[d]uring the go-shop period, 52 prospective buyers, including Party A, were contacted regarding their potential interest in exploring a transaction with the Company and five such prospective buyers entered into Acceptable Confidentiality Agreements with the Company and were provided with non-public information relating to the Company."  Proxy Statement at 30.  The Proxy Statement fails, however, to disclose whether the confidentiality agreements the Company entered into with these five prospective buyers contained standstill and/or "don't ask, don't waive" standstill provisions that are presently precluding these parties from submitting topping bids for the Company.

41.     The disclosure of the terms of any standstill provisions in the confidentiality agreements Presidio entered into with potential merger partners is crucial to Presidio stockholders

being informed of whether their fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

42.     The omission of this information renders the statements in the "Background of the Merger" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Company Insiders' Potential Conflicts of Interest***

43.     The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by the Company's insiders.

44.     For example, at an August 5, 2019 Board meeting, the Proxy Statement sets forth that:

> LionTree informed the Presidio Board that BC Partners had also requested a meeting with Mr. Cagnazzi to discuss potential compensation arrangements following closing of the potential acquisition. After discussion, the Presidio Board unanimously approved Mr. Cagnazzi meeting with BC Partners to begin discussions regarding post-closing compensation subject to the Compensation Committee and the Presidio Board's pre-approval of any arrangements or agreements related thereto.

*Id.* at 28-29.  The Proxy Statement further sets forth that:

> Parent agreed to establish a management incentive equity plan, pursuant to which Parent will grant profits interests representing the right to share in the appreciation in value of Parent to select members of the Company's management team. In addition, Parent agreed to establish a cash long-term incentive award program pursuant to which key employees will receive cash-based long-term incentive awards that vest subject to continued employment through specified vesting dates. Bonus recipients and amounts will be determined by Mr. Cagnazzi or his successor, and will be subject to the approval of the general partner of Parent. As of the date hereof, none of the Company's executive officers have been granted any profits interests or cash long-term incentive awards pursuant to these programs.

*Id.* at 51.  The Proxy Statement fails to disclose: (i) the identities of the members of Presidio management that are expected to continue with the combined company and the details of any employment agreements; (ii) the identities of the members of Company management that will be granted profits interests; (iii) the identities of the "key employees" that will receive cash-based long-term incentive awards from Parent; and (iv) the potential values of the respective profits interests and

cash-based long-term incentive awards the Company's executive officers and employees stand to receive.

45.     This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

46.     The omission of this information renders the statements in the "Background of the Merger" and "Interests of the Company's Directors and Executive Officers in the Merger" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning the Company's Financial Projections and LionTree's Financial Analyses***

47.     The Proxy Statement omits material information regarding the Company's financial projections.

48.     The Proxy Statement fails to disclose: (i) for the Budget Projections, unlevered free cash flows; and (ii) for the Budget Projections and the August Projections, all line items used to calculate (a) total adjusted EBITDA, (b) pro forma adjusted net income, (c) pro forma diluted earnings per share, and (d) unlevered free cash flow.

49.     The Proxy Statement also omits material information regarding LionTree's financial analyses.

50.     The Proxy Statement describes LionTree's fairness opinion and the various valuation analyses it performed in support of its opinion.  However, the description of LionTree's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, Presidio's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on LionTree's fairness opinion in determining whether to vote in favor of the Proposed Transaction.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

51.     With respect to LionTree's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) Presidio's estimated EBITDA for FY 2024; (ii) the terminal values for the Company; (iii) quantification of the inputs and assumptions underlying the discount rates ranging from 8.2% to 10.2%; (iv) the implied perpetuity growth rates resulting from the analysis; and (v) Presidio's fully diluted outstanding shares as of August 12, 2019.

52.     With respect to LionTree's *Premiums Paid Analysis*, the Proxy Statement fails to disclose: (i) the transactions observed by LionTree in the analysis; and (ii) the individual premiums paid in the transactions.

53.     Without such undisclosed information, Presidio stockholders cannot evaluate for themselves whether the financial analyses performed by LionTree were based on reliable inputs and assumptions or whether they were prepared with an eye toward ensuring that a positive fairness opinion could be rendered in connection with the Proposed Transaction.   In other words, full disclosure of the omissions identified above is required in order to ensure that stockholders can fully evaluate the extent to which LionTree's opinion and analyses should factor into their decision whether to vote in favor of or against the Proposed Transaction.

54.     The omission of this material information renders the statements in the "Certain Presidio Unaudited Prospective Financial Information" and "Opinion of Presidio's Financial Advisor" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

55.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.   Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other stockholders of Presidio will be

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

1    unable to make an informed voting or appraisal decision in connection with the Proposed Transaction

2    and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

3                                      **CLAIMS FOR RELIEF**

4                                      <u>**COUNT I**</u>

5    **Class Claims Against All Defendants for Violations of Section 14(a) of the**
     **Exchange Act and Rule 14a-9 Promulgated Thereunder**
6

7           56.    Plaintiff repeats all previous allegations as if set forth in full.

8           57.    During the relevant period, defendants disseminated the false and misleading Proxy

9    Statement specified above, which failed to disclose material facts necessary to make the statements,

10   in light of the circumstances under which they were made, not misleading in violation of Section

11   14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

12

13          58.    By virtue of their positions within the Company, the defendants were aware of this

14   information and of their duty to disclose this information in the Proxy Statement.  The Proxy

15   Statement was prepared, reviewed, and/or disseminated by the defendants.  It misrepresented and/or

16   omitted material facts, including material information about the background of the sale process,

17   potential conflicts of interest, the Company's financial projections, and the financial analyses

18   performed by the Company's financial advisor.  The defendants were at least negligent in filing the

19   Proxy Statement with these materially false and misleading statements.

20

21          59.    The omissions and false and misleading statements in the Proxy Statement are material

22   in that a reasonable stockholder would consider them important in deciding how to vote on the

23   Proposed Transaction or seek to exercise their appraisal rights.

24          60.    By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange

25   Act and SEC Rule 14a-9(a) promulgated thereunder.

26

27

28

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

61.     Because of the false and misleading statements in the Proxy Statement, Plaintiff and the Class are threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

**Class Claims Against the Individual Defendants for
Violations of Section 20(a) of the Exchange Act**

62.     Plaintiff repeats all previous allegations as if set forth in full.

63.     The Individual Defendants acted as controlling persons of Presidio within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Presidio, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

64.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

65.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy Statement.

66.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

67.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

68.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Presidio's stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Presidio, and against defendants, as follows:

A.     Ordering that this action may be maintained as a class action and certifying Plaintiff as the Class representative and Plaintiff's counsel as Class counsel;

B.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Presidio stockholders;

C.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff and the Class;

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

D.    Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

E.    Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: October 10, 2019

**WEISSLAW LLP**
Joel E. Elkins

By: */s/ Joel E. Elkins*

Joel E. Elkins
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone:  310/208-2800
Facsimile:   310/209-2348
-and-
Richard A. Acocelli
1500 Broadway, 16th Floor
New York, NY  10036
Telephone: 212/682-3025
Facsimile:  212/682-3010

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS